UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EZZIAL WILLIAMS,

                Plaintiff,

-against-

DAVID FRYERMUTH,

                Defendant.

23-CV-2156 (PMH)

VALENTIN ORDER

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is currently incarcerated at the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated Plaintiff's rights. By order dated April 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Orange County Attorney to identify Defendant David Fryermuth, who Plaintiff asserts is a retired correction officer, and provide a service address for him. It is therefore ordered that the Orange County Attorney, who is the attorney for and agent of the Orange County Jail, must ascertain a service address for Defendant David Fryermuth. The Orange County Attorney must provide this information to the Court within sixty days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Upon receipt of the service address for Defendant Fryermuth, the Court will issue an order directing the Clerk of Court to (1) issue a summons for Defendant Fryermuth, (2) complete a USM-285 form with the service address for Fryermuth, and (3) deliver all documents necessary to effect service on Fryermuth to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order and the complaint to Orange County Attorney at: Orange County Government Center, 255 Main Street, Goshen, New York 10924.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: White Plains, New York
April 12, 2023

PHILIP M. HALPERN
United States District Judge