UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EZZIAL WILLIAMS,

                              Plaintiff,

               -against-

DAVID FREYERMUTH, et al.,

                              Defendants.

**OPINION & ORDER**

23-CV-02156 (PMH)

PHILIP M. HALPERN, United States District Judge:

Ezzial Williams ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action in March 2023 against David Fryermuth, referred herein as David Freyermuth.[1] (Doc. 1). Plaintiff later filed an amended complaint, adding Orange County Jail as a defendant (Doc. 29, "FAC"), which the Court later substituted with the County of Orange ("Orange County" and with Freyermuth, "Defendants") pursuant to Federal Rule of Civil Procedure 21. (Doc. 55). Plaintiff initially pressed claims under 42 U.S.C. § 1983 predicated upon violations of her[2] Eighth and Fourteenth Amendment rights and for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (*See generally* FAC). On October 23, 2024, the Court granted Defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)—dismissing Plaintiff's *Monell* claims against Orange County. (Doc. 55, "2024 Opinion and Order").[3] On December 3, 2024, Plaintiff's Second Amended Complaint was docketed. (Doc.

---

[1] Plaintiff misspelled Defendant Freyermuth's last name in the caption of the original complaint. (Doc. 55 at 1 n.1). Plaintiff corrected this mistake in the Second Amended Complaint, the operative pleading that is the subject of the instant motion.

[2] Consistent with the Court's understanding of Plaintiff's preference, this Opinion and Order uses female pronouns when discussing Plaintiff's allegations and arguments.

[3] This decision is available on commercial databases. *Williams v. Fryermuth*, No. 23-CV-02156, 2024 WL 4557444 (S.D.N.Y. Oct. 23, 2024).

60, "SAC"). Plaintiff again asserts claims under 42 U.S.C. § 1983 predicated upon violations of her Eighth and Fourteenth Amendment rights and for municipal liability against Defendants. (*Id.*).

Defendants filed a partial motion to dismiss under Rule 12(b)(6) on January 15, 2025. (Doc. 65; Doc. 66; Doc. 67, "Def. Br."). Plaintiff filed an opposition on February 24, 2025 (Doc. 73, "Pl. Br."),[4] and Defendants filed their reply papers on March 5, 2025. (Doc. 78).

For the reasons set forth below, the partial motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that while incarcerated in the Orange County Correctional Facility ("OCCF"), Freyermuth, a correctional officer, sexually assaulted her. (SAC ¶¶ 2-4). According to Plaintiff, Freyermuth called her into a prison cell to clean it. (*Id.* ¶ 3). Once there, Plaintiff alleges that Freyermuth "forced her" to "masturbate," and "perform oral sex" on, him. (*Id.*). The incident lasted, as alleged, for approximately ten minutes. (*Id.* ¶ 3). Plaintiff has suffered "mental anguish" because of the sexual assault, carrying a constant "fear[] of being raped or sexually abused by officers." (*Id.* ¶ 9).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[4] Given the liberality afforded *pro se* litigants, it is appropriate to consider new allegations in a *pro se* plaintiff's opposition to a motion to dismiss where they are consistent with the allegations contained in the pleading. *Vail v. City of New York*, 68 F. Supp. 3d 412, 427 (S.D.N.Y. 2014) ("Where new allegations in a pro se plaintiff's opposition memoranda 'are consistent with the allegations contained' in the Complaint, they may be read 'as supplements to th[e] pleadings[.]'" (quoting *Boyer v. Channel 13, Inc.*, No. 04-CV-02137, 2005 WL 2249782, at *6 (S.D.N.Y. Mar. 9, 2005))). Accordingly, the Court considers on this motion the additional allegations in Plaintiff's opposition that are relevant to this motion.

*Twombly*, 550 U.S. 544, 570 (2007)).[5] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't*

---

[5] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

*of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[*p*]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Plaintiff presses four claims for relief under 42 U.S.C. § 1983. That law provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "[T]his language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *6 (S.D.N.Y. June 30, 2021) (quoting *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021) (alteration in original)).

Plaintiff asserts her first and second claims for relief against Freyermuth, and her third and fourth claims for relief against Orange County. (SAC at 8-9).[6] Defendants seek dismissal of: (i) Plaintiff's *Monell* claims against Orange County; and (ii) Plaintiff's claims against Freyermuth to the extent that they are asserted under the Fourteenth Amendment. (*See generally* Def. Br.).

I.   <u>Third and Fourth Claims for Relief: *Monell* Liability against Orange County</u>

Under *Monell*, 436 U.S. at 658 and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *5 (S.D.N.Y. Mar. 22, 2021). "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). "Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" *Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original)). Proof of the existence of a municipal policy or custom is required because a plaintiff must demonstrate that "the municipality took some action beyond merely employing the [allegedly] misbehaving officers." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 390 (S.D.N.Y. 2013) (quoting *Vippolis v. Vill. of Haverstraw,* 768 F.2d 40, 44 (2d Cir. 1985)).

---

[6] Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

There are several ways in which a plaintiff can demonstrate that an official policy or custom existed, including:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a 'custom or usage' and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Williams v. Lohard*, No. 20-CV-10571, 2022 WL 269164, at *3 (S.D.N.Y. Jan. 28, 2022) (quoting *Chamberlain*, 986 F. Supp. 2d at 390).

Plaintiff in the SAC, as she did in the FAC, seeks to establish *Monell* liability by alleging that (i) OCCF staff had a practice of sexually assaulting inmates that was so persistent and widespread that it constitutes a "custom or usage" and implies constructive knowledge of Orange County's policymakers; and/or that (ii) Orange County's official policymakers failed to properly train or supervise subordinates. (SAC at 9). Under the persistent-and-widespread-practice theory of *Monell* liability, "an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Under a failure-to-train-or-supervise theory of *Monell* liability, a plaintiff must allege, among other things, facts that support an inference that the municipal defendants acted "with deliberate indifference." *Rutherford v. Westchester Cnty.*, No. 18-CV-04872, 2020 WL 433841, at *13 (S.D.N.Y. Jan. 28, 2020); *see also Mancuso v. Vill. of Pelham*, No. 15-CV-07895, 2016 WL 5660273, at *9-10 (S.D.N.Y. Sept. 29, 2016). To establish deliberate indifference, "a plaintiff [must] prove that the constitutional violation underlying his

6

claim was preceded by [a] pattern of similar constitutional violations." *Greene v. City of New York*, 742 F. App'x 532, 536 (2d Cir. 2018).

The Court, in the 2024 Opinion and Order, held that Plaintiff's *Monell* claim failed because, among other reasons, she did not identify a "widespread" practice or a "pattern of similar constitutional violations" to plausibly allege either theory of *Monell* liability. (2024 Opinion and Order at 8-13). Plaintiff has not cured that pleading defect in the SAC. Plaintiff first points to a previous incident in which she suffered sexual abuse by an OCCF corrections officer. (SAC ¶ 7; Pl. Br. at 3-4). But, as the Court previously explained, Plaintiff cannot establish a *Monell* claim "by alleging [her] own experiences and then extrapolating to the entire jail population." (2024 Opinion and Order at 9 (quoting *Rutherford*, 2020 WL 433841, at *13, and citing *Schuyler v. City of New Rochelle*, No. 23-CV-04151, 2024 WL 167289, at *3 (S.D.N.Y. Jan. 16, 2024))). Next, Plaintiff mentions "other instances of sexual abuse at Orange County Jail" (Pl. Br. at 4) but does not identify any details about these "other instances." The Court "cannot ascertain, from the pleadings, whether the alleged conduct [in those other instances] resembles the alleged sexual assault here and whether such conduct was widespread." (2024 Opinion and Order at 10).

Finally, Plaintiff alleges that Orange County "allowed this to occur to [her] again," that OCCF staff are "either not following their policy of preventing these types of incidents, or they have no existing policy or training available for their employees," and that Orange County has a policy of sweeping sexual abuse by corrections officers "under the rug." (SAC ¶¶ 5-6, 10). These conclusory allegations do not cure the deficiencies previously identified by the Court. (*See* 2024 Opinion and Order at 8 (explaining that conclusory allegations "must be disregarded" (quoting *Tieman v. City of Newburgh*, No. 13-CV-04178, 2015 WL 1379652, at *14 (S.D.N.Y. Mar. 26, 2015)))).

Because Plaintiff's allegations do not support claims under *Monell*, she cannot maintain her action against Orange County.[7] Accordingly, Plaintiff's third fourth claims for relief are dismissed.

II.    <u>Plaintiff's Claims for Relief Under the Fourteenth Amendment</u>

Plaintiff brings all her claims for relief under the Eighth and Fourteenth Amendments. (SAC at 8-9). Plaintiff was a "a pre-trial detainee, convicted, but not yet sentenced at the time of" the alleged sexual assault by Freyermuth. (*Id.* ¶ 1). Defendants argue that "[c]onsidering Plaintiff's inmate status at the time of the alleged incident, her Fourteenth Amendment claims should be dismissed." (Def. Br. at 15). The Court agrees and sides with the "weight of [] authority" within and outside of this Circuit that have analyzed claims of a convicted, but not sentenced, defendant under the Eighth Amendment. *Stewart v. Schiro*, No. 13-CV-03613, 2015 WL 1854198, at *11 (E.D.N.Y. Apr. 22, 2015) (collecting cases); *see also Colds v. Smyth*, No. 22-CV-02023, 2023 WL 6258544, at *5 (S.D.N.Y. Sept. 26, 2023) ("Because Plaintiff was a post-conviction detainee during the relevant period, . . . his failure to protect claim is analyzed under the Eighth Amendment.").

Accordingly, to the extent Plaintiff asserts her remaining claims against Freyermuth under the Fourteenth Amendment, such claims are dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED.

Specifically, (i) Plaintiff's third and fourth claims for relief against Orange County, and (ii) Plaintiff's remaining first and second claims against Freyermuth, to the extent they are asserted

---

[7] Given the conclusions reached herein, the Court need not and does not reach Defendants' other arguments regarding Plaintiff's *Monell* claim. (Def. Br. at 14).

under the Fourteenth Amendment, are dismissed. Plaintiff's first and second claims for relief under the Eighth Amendment against Defendant Freyermuth shall proceed.

Although "[d]istrict courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, [] leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies." *Joachin v. Staffing*, No. 23-CV-10083, 2024 WL 1641501, at *2 (S.D.N.Y. Apr. 15, 2024). Moreover, "leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Having been given the opportunity to cure the amended complaint's deficiencies with respect to the *Monell* claims, which were specifically and fully identified in the 2024 Opinion and Order, and having failed to so, Plaintiff's *Monell* claims against Orange County are dismissed with prejudice because any amendment would be futile.

Defendant Freyermuth is directed to file an answer to Plaintiff's Second Amended Complaint (Doc. 60) within 14 days of the date of this Opinion and Order. The Court will separately docket a Notice of Initial Conference.

The Clerk of Court is respectfully requested to: (i) terminate Orange County as a Defendant; (ii) terminate the pending motion (Doc. 65); and (iii) mail a copy of this Opinion and Order to Plaintiff.

**SO ORDERED.**

Dated:    White Plains, New York
          May 9, 2025

_____
PHILIP M. HALPERN
United States District Judge